BILLY RAY LOCKLEAR, )
)
          Plaintiff, )
)
v. ) **ORDER**
)
MR. HUBBARD, et al., )
)
)
          Defendants. )

On May 20, 2011, Billy Ray Locklear[1] ("Locklear" or "plaintiff"), a state inmate proceeding pro se, filed this action pursuant to 42 U.S.C. § 1983 [D.E. 1]. Locklear seeks leave to proceed in forma pauperis under 28 U.S.C. § 1915 [D.E. 3]. On June 13, 2011, Locklear filed a motion for copies of the documents he has filed in this case [D.E. 4]. On September 14 and 21, 2011, Locklear filed additional materials in support of his complaint [D.E. 8-9].

In reviewing an in forma pauperis application, a court "shall dismiss" any case that is "frivolous or malicious," that "fails to state a claim on which relief may be granted," or that "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). A case is frivolous if "it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). Claims that are legally frivolous are "based on an indisputably meritless legal theory and include claims of infringement of a legal interest which clearly does not exist." Adams

---

[1] To the extent that Locklear seeks to assert any claim on behalf of any other individual, see, e.g., Compl. 2 (naming as plaintiffs "Billy Ray Locklear + Native America Ind[ia]ns[,]" plaintiff is not a lawyer and may not assert any claim on behalf of another prisoner. See Lescs v. Martinsburg Police Dep't, 138 F. App'x 562, 564 (4th Cir. 2005) (per curiam) (unpublished); Fowler v. Lee, 18 F. App'x 164, 165 (4th Cir. 2001) (per curiam) (unpublished); Oxendine v. Williams, 509 F.2d 1405, 1407 (4th Cir. 1975) (per curiam).

v. Rice, 40 F.3d 72, 75 (4th Cir. 1994) (quotations omitted). Claims that are factually frivolous lack an "arguable basis" in fact. Neitzke, 490 U.S. at 325. The standard used to evaluate the sufficiency of the pleading is flexible, and a pro se complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam) (quotation omitted). Erickson, however, does not undermine the "requirement that a pleading contain 'more than labels and conclusions.'" Giarratano v. Johnson, 521 F.3d 298, 304 n.5 (4th Cir. 2008) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)); see Ashcroft v. Iqbal, 556 U.S. 662, 129 S. Ct. 1937, 1949–52 (2009); Coleman v. Md. Ct. of Appeals, 626 F.3d 187, 190 (4th Cir. 2010), cert. granted, 131 S. Ct. 3059 (2011); Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc., 591 F.3d 250, 255–56 (4th Cir. 2009); Francis v. Giacomelli, 588 F.3d 186, 193 (4th Cir. 2009). Moreover, the court may consider "documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." Tellabs, Inc. v. Makor Issues & Rights, Ltd., 551 U.S. 308, 322 (2007).

"To state a claim under [section] 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." West v. Atkins, 487 U.S. 42, 48 (1988). Additionally, a section 1983 plaintiff must allege the personal involvement of a defendant. See, e.g., Iqbal, 129 S. Ct. at 1948–49; Monell v. Dep't of Soc. Servs., 436 U.S. 658, 691–92 (1978); Wright v. Collins, 766 F.2d 841, 850 (4th Cir. 1985).

Locklear's complaint is breathtakingly wide-ranging: he names dozens of defendants, and asserts perceived wrongs against him at no less than nine prisons. That alone is problematic for Locklear: the scope of his complaint implicates Rule 20(a)(2) of the Federal Rules of Civil

2

Procedure, which states:

> Persons . . . may be joined in one action as defendants if:
> (A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and
> (B) any question of law or fact common to all defendants will arise in the action.

Fed. R. Civ. P. 20(a)(2). Rule 20(a)(2) does not provide a license to join multiple defendants into a single lawsuit where the claims against the defendants are unrelated. See, e.g., George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007); Coughlin v. Rogers, 130 F.3d 1348, 1350 (9th Cir. 1997); Robinson v. Johnson, No. 3:07CV449, 2009 WL 874530, at *1 (E.D. Va. Mar. 26, 2009) (unpublished); Showalter v. Johnson, No. 7:08cv00276, 2009 WL 1321694, at *4 (W.D. Va. May 12, 2009) (unpublished). Moreover, Locklear has named individuals employed at prisons outside this district. See 28 U.S.C. § 113. Thus, in its discretion, the court dismisses without prejudice any claims concerning Marion Correctional Institution, Lincoln Correctional Institution, Scotland Correctional Institution, and Mountain View Correctional Institution, pursuant to Federal Rule of Civil Procedure 20 and 28 U.S.C. § 1406(a). Locklear may refile these claims in the appropriate district courts if he chooses; although in so holding, the court does not examine the legal viability of any such claims.

Next, the court addresses plaintiff's claims arising at Tyrell Prison Work Farm ("Tyrell"). Locklear had recently been transferred to Tyrell when he filed his complaint on May 20, 2011, see Compl. 2, and it appears from all of the grievances he has submitted from Tyrell that his claims concerning Tyrell either arose after he filed the original complaint, or had not been exhausted when he filed the original complaint. See [D.E. 9] at 4-11. The Prison Litigation Reform Act of 1995 ("PLRA") states that "[n]o action shall be brought with respect to prison conditions under [42 U.S.C.

3

§] 1983 . . . , or any other Federal law, by a prisoner . . . until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a); see Woodford v. Ngo, 548 U.S. 81, 83–85 (2006); Porter v. Nussle, 534 U.S. 516, 524 (2002). "[T]he PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." Porter, 534 U.S. at 532; see Jones v. Bock, 549 U.S. 199, 211 (2007). A prisoner must exhaust administrative remedies regardless of the relief offered through administrative procedures. See Booth v. Churner, 532 U.S. 731, 740–41 (2001). "[E]xhaustion is mandatory under the PLRA and . . . unexhausted claims cannot be brought in court." Jones, 549 U.S. at 211. Filing suit before exhausting administrative remedies dooms the action. See, e.g., Ford v. Johnson, 362 F.3d 395, 398 (7th Cir. 2004) ("To prevent this subversion of efforts to resolve matters out of court, it is essential to keep the courthouse doors closed until [administrative procedures] have run their course."); Johnson v. Jones, 340 F.3d 624, 627–28 (8th Cir. 2003).

When an inmate files suit early, courts typically dismiss the action without prejudice. See, e.g., Ford, 362 F.3d at 401; Johnson v. Cannon, C.A. No. 4:08-776-PMD, 2010 WL 936706, at *8 (D.S.C. Mar. 15, 2010) (unpublished); Shouse v. Madsen, No. 7:09-cv-00461, 2010 WL 276543, at *1 (W.D. Va. Jan. 19, 2010) (unpublished). A dismissal without prejudice allows the prisoner an opportunity to exhaust the administrative process and then file a new suit, if the prisoner so chooses. The court concludes dismissal without prejudice of these claims is appropriate.

As for Locklear's remaining claims, they can fairly be summarized into three categories. First, Locklear asserts generally that he and others have suffered discrimination as Native Americans, both on the basis of their race and religious beliefs, and have not been provided "equ[]al time for

4

services on special days." [D.E. 1] at 14-15; see also id. at 16 (alleging "continue[d] religious harsment [sic], and being denied to attend pray circle at Warren C.I."), [D.E. 1-1] at 6 (asserting "discriminating going on here at . . . Green[] C.I."), 25 (grievance asserting "racial hatred from staff" at Warren), 55 (same), 60 (grievance asserting that Locklear "was targeted and discriminate[d] against for standing up for my Religious Freedoms + Rights" at Bertie Correctional Institution). Second, Locklear challenges various terminations or denials of prison jobs. See, e.g., Compl. 13 (alleging plaintiff "was fired after writ[]ing grivence [sic] about Second Hand Smoke" at Lumberton Correctional Institution and later "wasn't allowed to return to work"); [D.E. 1-1] at 6 (alleging plaintiff was denied the opportunity to "work outside the fence" at Green Correctional Institution), 14 (asserting that plaintiff has been denied work based on "age + physical disability"). Finally, Locklear challenges his exposure to second hand smoke while incarcerated at Lumberton Correctional Institution. Compl. 13. The court addresses each in turn.

As for Locklear's allegations of discrimination, the equal protection clause provides that "[n]o State shall . . . deny to any person within its jurisdiction the equal protection of the laws." U.S. Const. amend. XIV, § 1. "To succeed on an equal protection claim, a plaintiff must first demonstrate that he has been treated differently from others with whom he is similarly situated and that the unequal treatment was the result of intentional or purposeful discrimination." Morrison v. Garraghty, 239 F.3d 648, 654 (4th Cir. 2001). Plaintiff has not stated that he was treated differently from any person with whom he is similarly situated. Although pro se litigants are held to less stringent pleading standards than attorneys, the court is not required to accept as true legal conclusions or unwarranted factual inferences. See, e.g., Iqbal, 129 S. Ct. at 1949–52; Twombly, 550 U.S. at 555; Coleman, 626 F.3d at 190. Plaintiff has not made plausible allegations to support

5

his equal protection claim. See, e.g., Coleman, 626 F.3d at 190–91. Thus, plaintiff has failed to state a claim upon which relief may be granted, and this claim is dismissed. To the extent Locklear asserts unlawful interference with his religious beliefs, he has another pending action in this district which appears to raise substantially the same claim, and names several of the same defendants.[2] Compare Compl. 15 with Locklear v. Thomas, et al., No. 5:10-CT-3146-BO, [D.E. 1] at 3 (E.D.N.C.) ("the 3146 action"). There are pending dispositive motions in the 3146 action, creating a risk of inconsistent results or at a minimum, a likelihood of res judicata. Thus, the court concludes that dismissal of this claim is appropriate. See, e.g., I.A. Durbin, Inc. v. Jefferson Nat'l Bank, 793 F.2d 1541, 1551 (11th Cir. 1986) (citing Colorado River Water Conservation District v. United States, 424 U.S. 800, 817 (1986)).

To the extent Locklear challenges various prison work assignments, firings, or otherwise, "prison work assignments are matters within the discretion of prison officials, and denial of employment does not, in and of itself, abridge any constitutional right of the inmate." Johnson v. Knable, 862 F.2d 314 (table), 1988 WL 119136, at *1 (4th Cir. Oct. 31, 1988) (citing Altizer v. Paderick, 569 F.2d 812 (4th Cir. 1978)). To the extent Locklear asserts that he was denied employment because of his "age + physical disability[,]" [D.E. 1-1] at 14, Locklear's wholly conclusory assertion utterly fails to state a claim for improper denial of employment. See, e.g., Heiko v. Colombo Sav. Bank, F.S.B., 434 F.3d 249, 254 (4th Cir. 2006); Constantine v. Rectors & Visitors of George Mason Univ., 411 F.3d 474, 498 (4th Cir. 2005); Baird v. Rose, 192 F.3d 462,

---

[2] Indeed, in his motion for copies of filings, Locklear complains that he is "being billed for another claim when the case is . . . . all one case against D.O.C. for the state of N.C." [D.E. 4] at 1. Moreover, buried in the 67 pages of documents he submitted as attachments to the instant complaint is a "motion to add w[]itness to case + add case attach" which bears the case number of the other pending action. [D.E. 1-1] at 12-13.

6

467-70 (4th Cir. 1999); Doe v. Univ. of Md. Med. Sys. Corp., 50 F.3d 1261, 1264–65 (4th Cir.1995). Thus, the court dismisses any claim concerning Locklear's job assignments.

To the extent Locklear challenges his exposure to second-hand smoke ("ETS"), a prisoner states an Eighth Amendment claim if he is exposed to unreasonable levels of ETS, and prison authorities are deliberately indifferent to the exposure. See, e.g., Helling v. McKinney, 509 U.S. 25, 35 (1993); Tudor v. Harrison, 195 F. App'x 160, 161 (4th Cir. 2006) (per curiam) (unpublished). Helling, however, does not require smoke-free prisons. See Scott v. Dist. of Columbia, 139 F.3d 940, 942 (D.C. Cir. 1998); Williams v. Howes, No. 1:05-CV-817, 2007 WL 1032365, at *14 (W.D. Mich. Mar. 30, 2007) (unpublished); Mansoori v. Lappin, No. 04-3241-JAR, 2007 WL 401290, at *10 (D. Kan. Feb. 1, 2007) (unpublished). Moreover, a prisoner's exposure to smoke must cause "more than mere discomfort or inconvenience." Talal v. White, 403 F.3d 423, 426 (6th Cir. 2005) (quotation omitted); see also Henderson v. Sheahan, 196 F.3d 839, 846 (7th Cir. 2000); cf. Ozier v. Berghuis, No. 1:08-cv-1203, 2009 WL 1559786, at *2–3 & n.1 (W.D. Mich. June 1, 2009) (unpublished) (noting that "[t]he cellmate in Helling smoked five packs of cigarettes a day").

As for the objective component of his Eighth Amendment claim, Locklear has failed to show a sufficiently serious level of exposure to ETS. See Powers v. Snyder, 484 F.3d 929, 932 (7th Cir. 2007) ("[A] prisoner who complains that cigarette smoking amounts to punishment because it is endangering his health must therefore show that his health is indeed endangered . . . ."); Griffin v. DeRosa, 153 F. App'x 851, 853 (3rd Cir. 2005) (per curiam) (unpublished); Ali-X v. Hayman, No. 10-4666 (JBS), 2010 WL 4669666, at *6 (D.N.J. Nov. 8, 2010) (unpublished); Ozier, 2009 WL 1559786, at *2. Thus, the court dismisses Locklear's ETS claim.

Additionally, Locklear has named several defendants who are not amenable to suit in a

7

section 1983 action. Locklear names several prison superintendents and others (defendants Hubbard, Asbell, Kornegay, and Currie) on a theory of supervisory liability. However, the doctrine of respondeat superior generally does not apply to a section 1983 action. See, e.g., Iqbal, 129 S. Ct. at 1948–49; Monell v. Dep't of Soc. Servs., 436 U.S. 658, 694 (1978); Carter v. Morris, 164 F.3d 215, 220–21 (4th Cir. 1999); Shaw v. Stroud, 13 F.3d 791, 798–99 (4th Cir. 1994). Locklear has named several county and/or municipal employees (Hunt, Taylor, Cliff, Ronnie, Bunch, and "all - 4 male employee's employed by Farmers Market of Robeson County").[3] Alleging that a county or municipal employee committed a constitutional violation is necessary in order to state a claim against a county or municipality, but is not sufficient. A county or municipality may be found liable under 42 U.S.C. § 1983 only "when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury." Monell, 436 U.S. at 694–95. Therefore, a county or municipality may not be found liable under section 1983 based on a theory of respondeat superior or simply for employing a tortfeasor. See, e.g., Bd. of Cnty. Comm'rs v. Brown, 520 U.S. 397, 403–04 (1997). Plaintiff has failed to allege any policy or custom of any county or municipality which is responsible for the acts of which he complains. Thus, Locklear's claims against these defendants are dismissed as frivolous.

Finally, as for Locklear's "motion for copy of records" [D.E. 4], Locklear appears to request a copy of his complaint plus all attachments, a document which numbers 83 pages. A pro se litigant

_____

[3] Alternatively, to the extent that an individual who works at a county hospital or a county farmer's market is a private citizen rather than a public employee, Locklear has failed to allege that any such defendant has acted as a willful participant in joint action with the state or an agent of the state in order to allow the court that such defendant acted under color of state law. See Dennis v. Sparks, 449 U.S. 24, 27–28 (1980).

8

assumes responsibility for properly maintaining his legal records. If additional copies of court filings are required, the Clerk of Court processes requests for a fee of fifty cents per page. See 28 U.S.C. § 1914 n.4 (District Court Miscellaneous Fee Schedule). Thus, Locklear may submit his request directly to the Clerk of Court and pay the required fee. However, the court directs the Clerk to send a copy of pages 12 and 13 of [D.E. 1-1] (which appear to be a motion he intended to file in the 3146 action) to Locklear with this order, so that he may refile it in the correct action if he chooses. The court cautions Locklear to clearly label mailings to the court in order to allow the court to properly docket Locklear's filings. To the extent Locklear complains of multiple "bills" for multiple actions, that is one of the purposes of the PLRA. See George, 507 F.3d at 607 ("Unrelated claims against different defendants belong in different suits, not only to prevent the sort of morass that this 50-claim, 24-defendant suit produced but also to ensure that prisoners pay the required filing fees" under the PLRA).

For the reasons stated, the court DISMISSES WITHOUT PREJUDICE plaintiff's claims concerning Marion Correctional Institution, Lincoln Correctional Institution, Scotland Correctional Institution, Mountain View Correctional Institution, and Tyrell, along with any defendants connected with those institutions. The court DISMISSES plaintiff's remaining claims and defendants as frivolous. The court GRANTS IN PART Locklear's motion [D.E. 4], and directs the Clerk to mail a copy of [D.E. 1-1], pp. 12-13, to Locklear together with a copy of this order. The Clerk of Court shall close the case.

SO ORDERED. This 10 day of January 2012.

_____
JAMES C. FOX
Senior United States District Judge

9